IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Victor D. Rome, ) | Case No. 8:20-cv-03167-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden S. Phelps, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On November 5, 2020, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 11. Petitioner filed a response and a supplement. ECF Nos. 14, 15. On October 6, 2020, the Magistrate Judge issued a Report construing the motion as a motion for summary judgment and recommending that it be granted. ECF No. 27. Petitioner filed objections to the Report. ECF No. 19.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

1

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by reference. Briefly, this action pertains to Petitioner's hearing in front of a Disciplinary Hearing Officer ("DHO"). On November 22, 2019, Petitioner received an incident report charging him with use of drugs or alcohol ("the Second Charge"). ECF Nos. 1-1 at 2; 1-2 at 1. On December 3, 2019, he was found guilty at a hearing in front of the DHO; the DHO's sanctions included 15 days' disciplinary segregation, loss of six months of visiting and commissary privileges, and loss of 41 days' good-time credits. ECF Nos. 1-1 at 2; 11-1 at 17. Petitioner argues that the positive drug screening that formed the basis of the Second Charge was caused by the same drug use that gave rise to an earlier positive test and an earlier charge ("the First Charge"). ECF No. 1-1 at 2, 9.

2

He contends that the drug screenings were administered too close in time to ensure the accuracy of the second test. Petitioner also argues that he has been prejudiced because he did not receive a copy of the DHO report within 15 days after his sanction was imposed. ECF Nos. 1-1 at 2; 1-2 at 2. Petitioner contends that the disciplinary hearing violated his due process rights pursuant to *Wolff v. McDonnell*; he seeks to have his record expunged and the restoration of his good-time credit. *Id.* at 6–7.

A prisoner has a protected liberty interest in their good-time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In disciplinary proceedings that may result in the loss of good-time credit, an inmate has a right to advance written notice of charges at least 24 hours before the hearing; to a fair and impartial tribunal; to call witnesses and to present documentary evidence in his defense; to receive a written statement explaining the tribunal's findings; and, "[w]here an illiterate inmate is involved . . . or . . . the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," to seek the aid of a fellow inmate or prison staff. *Id.* at 563–70. Further, a disciplinary decision implicating a prisoner's liberty interest must be supported by at least "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–55 (1985). The determination of whether the standard is satisfied requires inquiry into "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455–56.

Upon review of the provided documents, the Court finds that Petitioner received the due process safeguards afforded to him by *Wolff*. He received written notice of the charges more than 24 hours before the DHO hearing, and he was advised of his rights to a staff representative, to present and call witnesses, to make statements in his defense, and to appeal the DHO's decision. ECF No. 11-1 at 3–5, 10, 14. Petitioner initialed the form to indicate that he had been apprised of his rights; he did not request a staff representative or witnesses and he neither admitted nor denied the charge at the hearing. *Id.* at 14, 18. Nothing in the record indicates that the DHO was not impartial.[1] The DHO report states the basis for the DHO's findings, the evidence relied on by the DHO, the action taken by the DHO, and the reasons for the action.[2] *Id.* at 17–19.

---

[1] The Court notes that in the Petition, but not the objections, Petitioner argues that the DHO was "clearly partial." ECF No. 1-1 at 8–9. As explained in more detail by the Magistrate Judge, Petitioner does not point to any evidence that the DHO failed to consider any evidence before him or otherwise acted in other than an impartial manner. *See* ECF No. 17 at 11 n. 3.

[2] The Court notes that Petitioner has made no specific objection as to the Magistrate Judge's analysis that "some evidence" supported the DHO's findings. Nevertheless, the Court has reviewed the record and applicable law de novo and incorporates by reference the Magistrate Judge's discussion of the evidence relied upon by the DHO. ECF No. 17 at 11. Further, Petitioner has not identified any additional evidence that could have aided in his defense. *See Lennear v. Wilson*, 937 F.3d 257, 277 (4th Cir. 2019) ("[C]ourts tasked with determining whether prison officials' failure to disclose or consider testimonial or documentary was harmless have considered whether the excluded evidence could have 'aided' the inmate's defense.").

Petitioner argues that he has been denied his due process rights because he did not receive a copy of the DHO report; however, the failure to provide a DHO report within he time frame contemplated by the regulations is not itself a violation of due process. *See Bauer v. Warden FCI Williamsburg*, Case No. 6:16-cv-304-RMG, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017) (noting that a petitioner "did receive the DHO's decision outside of the 15-day period outlined in the BOP's policy, but the BOP's violations of its own policies do not amount to a due process violation."). While there is conflicting evidence as to the date that Petitioner received a copy of the DHO report, even assuming he did not receive a copy of the DHO report until Respondent filed the instant motion with the report attached, Petitioner's argument is without merit. Courts have found that due process claims based on a failure to receive the DHO report are moot once the inmate has received the report, and it is undisputed that Petitioner has now received the DHO report. *See, e.g., Shahan v. Ormond*, C.A. No. 3:18-cv-00200-HEH, 2018 WL 6681210, at *4 (E.D. Va. Dec. 19, 2018) (concluding that an inmate's claim regarding his failure to receive the DHO report was moot because, after initiating the action, the inmate receive the DHO report), *aff'd*, 778 F. App'x 217 (4th Cir. 2019).

Regarding his administrative appeals, Petitioner has failed to show that he was prejudiced by the delay in receiving the DHO report. *See Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004) (stating that even if a prison official's actions create a potential due process violation, a habeas petitioner must demonstrate that he was harmed by the violation in order to obtain relief) (citations omitted). Petitioner contends that he had no

opportunity to administratively appeal the sanctions imposed against him because he was not provided with a copy of the DHO report. However, Respondent has not argued that he failed to exhaust his administrative remedies, and Petitioner has been able to challenge the disciplinary action before this Court. "Accordingly, [P]etitioner has failed to show that he has been prejudiced by the delay in receiving the DHO report." *Lomas v. Vereen*, C/A No. 6:19-cv-00622-JMC-KFM, 2019 WL 8375933, at *6 (D.S.C. Oct. 17, 2019), *adopted by,* 2020 WL 913785 (D.S.C. Feb. 26, 2020); *see also McCall v. Phelps*, C/A No. 6:20-cv-02034-BHH-KFM, 2020 WL 8083664, at *4 (D.S.C. Dec. 14, 2020), *adopted by,* 2021 WL 75172 (D.S.C. Jan. 8, 2021) ("Despite denial of the petitioner's administrative remedies due to his failure to attach a copy of the DHO report, the petitioner has still had the opportunity to challenge his disciplinary action in this court."); *Calixto v. Masters*, C/A No. 1:15-cv-012778, 2016 WL 2600431, at *4 (S.D. W. Va. 2016), *adopted by*, 2016 WL 2343890 (S.D. W. Va. May 3, 2016) (noting that the petitioner was not prejudiced by the delay in receiving his DHO report because, although his appeal was denied as untimely, the petitioner was able to proceed with judicial review of the DHO's decision); *Thomas v. Upton*, C/A No. 13-cv-102, 2015 WL 8527612, at *3 (W.D. La. Sept. 2, 2015), *adopted by*, 2015 WL 8542849 (W.D. La. Dec. 10, 2015) (finding no prejudice to a petitioner who did not receive the DHO report until after filing habeas petition).

Turning to Petitioner's assertion that the positive test result from the November 13, 2019, sample was the result of the same drug use that gave rise to the First Charge, the Court agrees with the Magistrate Judge that this should be construed as an "actual

innocence" argument rather than an argument that he did not receive proper due process protections. However, "a claim of actual innocence is generally not a basis for federal habeas corpus relief." *Williams v. Warden*, No. 1:17-946-JMC-SVH, 2017 WL 8794895, at *4 (D.S.C. Oct. 12, 2017), *adopted by*, 2018 WL 718959 (D.S.C. Feb. 5, 2018), *aff'd* 744 F. App'x 179 (4th Cir. Dec. 4, 2018). "'The due process clause does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding.'" *Id.* (quoting *Jones v. McCaughtry*, 6 F. App'x 371, 372–73 (7th Cir. 2001)). "[C]ourts look only to whether a prisoner received the procedural protections due under the Constitution." *Id.* As explained herein and in the Report, Petitioner was afforded the due process requirements under *Wolff*, and some evidence supports the DHO's decision.[3] Accordingly, summary judgment is appropriate.

## CONCLUSION

After considering de novo the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Magistrate Judge's recommendation; accordingly, Respondent's motion for summary judgment [11] is **GRANTED** and the Petition is denied.

IT IS SO ORDERED.

---

[3] Petitioner argues that the samples for the two drug tests were taken less than 30 days apart; however, the evidence in the record demonstrates that his first sample was taken on October 10, 2019; more than 30 days before the second sample was taken on November 13, 2019. *See* ECF No. 11-1 at 22 (inmate disciplinary data showing that the hearing for the First Charge was held on October 24, 2019, for an incident that occurred on October 10, 2019); *see also* ECF No. 1 at 6.

                                                                                                    s/ Donald C. Coggins, Jr.
                                                                                                    United States District Judge

March 31, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.